## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SANDRA JORGE MÉNDEZ;**<br><br>PLAINTIFF<br><br>Vs.<br><br>**REINO DE PAZ NURSING HOME, CORP.; ANGIE ESTRADA FLORES;** her husband **JIM DOE;** and the conjugal partnership established between them; **DR. FRANCISCO ROSADO GARCÍA;** his wife **JANE DOE;** and the conjugal partnership established between them; **BEST OPTION HEALTHCARE PUERTO RICO, INC.; COOPERATIVA DE SEGUROS MÚLTIPLES; A, B** and **C INSURANCE COMPANIES; JOHN DOE;**<br><br>DEFENDANTS | **CIVIL NO:**<br><br><br>**PERSONAL INJURY**<br>**MEDICAL MALPRACTICE**<br><br><br>**PLAINTIFF REQUESTS**<br>**JURY TRIAL** |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, through the undersigned legal representation, and very respectfully **STATES, ALLEGUES, AND PRAYS:**

### JURISDICTIONAL ALLEGATIONS

1. This Honorable Court is vested with jurisdiction over the parties and the subject matter of this litigation under and pursuant to the diversity of citizenship statute (Section 1332 c) of Title 28 of United States Code, 28 U.S.C 1332, in as much as there is complete diversity of citizenship between the Plaintiff, as resident of Charlotte, in the state of North Carolina and the amount in controversy, exclusive of costs and interest, exceeds the amount of **Seventy-Five Thousand dollars ($75,000)**. As more specifically alleged below, all defendants are domiciled and permanent citizens of Puerto Rico within the meaning of 28 U.S.C § 1332 and the Plaintiff is domiciled and permanent citizen of a state of the United State of America other than Puerto Rico.

2. Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United State Code, 28 U.S.C § 1391, because the claims asserted arose in this judicial district.

3. Plaintiff requests a jury trial for all issues so triable.

4. All codefendants are jointly and severally responsible to the plaintiff for the damages suffered by her.

5. The statute of limitation was interrupted by timely filing a complaint in the state Court of Puerto Rico on August 22, 2014, under number E DP2014-0216. It was voluntarily dismissed without prejudice in order to re-file in this Court pursuant to (Section 1332 c) of Title 28 of United States Code, 28 U.S.C 1332. The Sentence of the local court was notified on December 4, 2017.

## THE PARTIES

6. Plaintiff Sandra Jorge Méndez (hereinafter referred to as "Mrs. Jorge") is a natural person, of legal age, daughter of the late Luz María Méndez Ojeda. She is a resident of 10550 Katie Creek Court, Charlotte, NC 28213.

7. Defendant Hogar Reino de Paz Nursing Home, Corp (hereinafter referred to as "Hogar Reino de Paz") is a corporation organized under the laws of the Commonwealth of Puerto Rico, and does business as a domestic corporation in Puerto Rico, operating a nursing home in Caguas, Puerto Rico, under the name of Hogar Reino de Paz Nursing Home, Corp. The business physical address is Bo. Río Cañas, Sector Quebrada Arena Carr. 1 Km. 27 Hm. 0 Caguas, PR 00725. The postal address is HC 01 Box 20826 Caguas, PR 00725.

8. Defendant Mrs. Angie Estrada Flores (hereinafter referred to as "Mrs. Estrada") is a natural person, of legal age and owner and operator of Hogar Reino de Paz Nursing Home, Corp. Her address is PMB 319 Box 4985 Caguas, PR 00726.

2

9. Jim Doe is the fictitious name hereby given to Mrs. Angie Estrada Flores's husband, whose identity or name is not known to this moment and who benefits from her economic activity. Once his real identity is discovered, the fictitious name will be substituted for the real one.

10. The Conjugal Partnership between Mrs. Angie Estrada Flores and Jim Doe is the economical entity constituted between them.

11. Defendant Dr. Francisco Rosado García is a natural person who medical services in Hogar Reino de Paz by the date when the events related to the present Complaint took place. His address is #1 Zaragoza St. Urb Terralinda, Caguas, Puerto Rico 00727.

12. Jane Doe is the fictitious name hereby given to Dr. Francisco Rosado García's spouse, whose identity or name is not known to this moment and who benefits from his economic activity. Once her real identity is discovered, the fictitious name will be substituted for the real one.

13. The Conjugal Partnership between Dr. Francisco Rosado García and Jane Doe is the economical entity constituted between them.

14. Best Option Healthcare Puerto Rico, Inc. (hereinafter referred to as "Best Option Healthcare") is a corporation organized under the laws of the Commonwealth of Puerto Rico, and does business as a domestic corporation in Puerto Rico. This for-profit corporation was created to offer, provide and or in any manner administer medical and nursing care to patients in their home. Their address is De Diego Ave. # 359 Suite 201 San Juan 00909.

15. Cooperativa de Seguros Multiples (hereinafter referred to as "Cooperativa") is a corporation organized under the laws of the Commonwealth of Puerto Rico, and does business as a domestic corporation in Puerto Rico. By information and knowledge, Cooperativa was the insurance company retained by Hogar Reino de Paz Nursing Home, Corp, which would respond for the damages alleged against Hogar Reino de Paz in this Complaint.

16. Defendants A, B, and C Insurance Companies, are insurance companies that have issued policies to any of the known or unknown defendants, which cover the damages arising out of the cause of action alleged in the present Complaint.

17. Defendant John Doe and any other Tortfeasors is the fictitious name hereby given to the additional parties whose identities or names are not known to this moment and whose negligent actions or omissions are proximately and direct causes for plaintiff's' damages. Once their real identities are discovered, the fictitious names will be substituted for the real ones.

18. All defendants are persons or corporations organized or with their principal place of business in the Commonwealth of Puerto Rico.

## ALLEGATIONS

19. Late Mrs. Luz María Méndez Ojeda was an elderly of 79 years old, living in Reino de Paz nursing home in Caguas, Puerto Rico.

20. On November 5, 2013, Mrs. Méndez began to feel physically ill, reason for the operator of the nursing home, Mrs. Estrada, to drove Mrs. Méndez on her personal vehicle, to the nearby medical facility, Mennonite General Hospital in Caguas.

21. Once Mrs. Méndez was discharged, even though Mrs. Méndez was still very weak, Mrs. Estrada left her by herself, unattended, to pick up the vehicle in the parking lot.

22. While unattended, Mrs. Méndez fell, suffering injuries, and Mrs. Estrada filed a suit against the hospital entity, alleging it was their fault.

23. The suit against the hospital had to be dismissed, given that the reports concluded that instead of the hospital's, the cause of the accident was by Mrs. Estrada's negligence for leaving Mrs. Méndez unattended, when she was still too weak.

4

24. The accident caused a subtrochanteric fracture to the left femur, causing Mrs. Méndez to remain bedridden from that moment until her death, one year later.

25. During the time, that Mrs. Méndez remained bedridden, she suffered and developed painful decubitus ulcers that caused her death on December 21, 2014.

26. While bedridden in Reino de Paz, Mrs. Méndez was dependent and was under the care of Mrs. Estrada, nevertheless, Mrs. Méndez developed ulcers that were untreated, reason for her painful and unnecessary death.

27. Also, responsible for her ulcers complication and eventual death, was Dr. Francisco Rosado García. Dr. García was the medical doctor, contracted by Best Opition Healthcare assigned to offer medical services to patients of Hogar Reino de Paz. As such, he was assigned to offer treatment to Mrs. Méndez. Had he visited and treated adequately Mrs. Méndez, he would had noticed and taken care of her ulcers. Instead, Dr. Rosado kept filling records *pro forma* and disregarding her serious condition without treating her properly.

28. Dr. Rosado's filling out the medical record of Mrs. Méndez without an examination, not only constituted a violation of the patient's rights by documenting falsely medical information, but also deprived her of the treatment she needed. The medical condition to treat Mrs. Méndez's decubitus ulcers required a plan to treat her with antibiotics, proper debridement of the skin, control of pain and prevention of infections.

29. Mrs. Estrada knowingly, was enabling the fraudulent entries on the record and was also depriving the patient of obtaining the proper medical care. As part of the proper plan, she also should had provided the patient with a proper nutrition for the condition, a routine to change the patient's position, the cleaning of the wounds within other actions, to avoid the worsen of the ulcers.

30. As a direct consequence of the gross negligence and sub-standard treatment given to Mrs. Méndez by Dr. Rosado, and by Mrs. Estrada, her condition worsened to eventually causing her death on December 21, 2014.

31. The actions and omissions of Dr. Rosado, deviated from the standard of care and the best practice of medical science. This was the nexus of the unnecessary and precipitated fatal outcome of Mrs. Méndez.

32. As a direct consequence of the gross negligence and sub-standard treatment given to Mrs. Irizarry by the defendants, Mrs. Méndez died on December 21, 2014.

33. As a result of the negligent acts and omissions of all defendants, Mrs. Méndez suffered intensively throughout her last days of her life.

34. As a result of the negligent acts and omissions of all defendants, Mrs. Jorge suffered and still suffers the consequences of those acts which include anxiety, frustration, anguish for the sufferings of her mother and the anguishes, moral damages and emotional pain for her own loss.

## DAMAGES

1. Defendants' deviation from the medical standards were the direct and proximate cause of Mrs. Méndez's intense suffering, uncertainty, anguishes and subsequent death as well as pleintiffs' damages.

2. Mrs. Méndez suffered physically and emotionally until her death. Since she cannot exercise a cause of action by herself, her daughter Sandra Jorge inherits such cause of action. Such damages are valued in an amount not less than Five Hundred Thousand dollars. ($500,000)

3. Plaintiff Sandra Jorge incurred in payments and expenditures related to Mrs. Méndez treatments, sickness and eventual death in an amount of Ten Thousand dollars ($10,000). Defendants should reimburse such amount.

4. Because of all the above stated, her daughter plaintiff Sandra Jorge Méndez, suffered severe moral damages, anguishes and physiological distresses valued in an amount no less than Five Hundred Thousand dollars ($500,000).

## TRIAL BY JURY DEMANDED

6

5. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully demand judgment against defendants, requesting that this Honorable Court assures jurisdiction over the cause and judgment be entered jointly and severally against defendants, and grants an amount of no less than **SIX HUNDRED TEN THOUSAND DOLLARS ($610,000)**, plus an award for punitive damages allowed by law in an amount deemed necessary and just by this Honorable Court, as well as costs incurred, reasonable attorney's fees, and any other relief considered proper and just by this Honorable Court, under the circumstances.

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, this 8th day of January 2018.

**CERTIFICATE OF SERVICE:** On this date, this document has been filed electronically with the Court's CM/ECF system.

Mercado Rivera Law Offices
PO Box 8086
Caguas, P.R. 00726-8086
Phone No: (787) 745-0628
Fax No: (787) 961-9884
E-Mail: camercado@mercadoriveralaw.com


*S/Carlos A. Mercado Rivera*
USDC-NO. 211904